CROSSMAN et al. v. UNITED STATES.

(Circuit Court, S. D. New York. December 13, 1900.)

No. 3,132.

UNITED STATES—STATUS OF ANNEXED TERRITORY—CUSTOMS DUTIES.
　　The provision of the joint resolution for the annexation of the Hawaiian Islands of July 7, 1898, which retained in force the, same customs duties between such islands and ports of the United States as formerly, is constitutional.

Appeal by Importers from a Decision of the United States General Appraisers.

W. Wickham Smith, for importers.
Henry C. Platt, Asst. U. S. Atty.

TOWNSEND, District Judge. On April 26, 1900, the appellants imported from Honolulu into the port of New York certain whisky, brandy, and jam, on . which duty was assessed under appropriate paragraphs of the tariff act of July 24, 1897. There is no question as to classification or rate of duty assessed, provided said goods were subject to any duty. The contentions of the importers are as follows: First. That the constitution of the United States—certainly so far as it imposes limitations and restrictions upon the power of congress—is in full force and effect in all territory of the United States, without express legislation by congress extending it to the territory. Second. That among the restrictions and limitations to which congress is subjected in dealing with territories is the requirement that all duties, imposts, and excises shall be uniform

throughout the United States. Third. That one of the limitations under which congress legislates is that no tax or duty shall be laid on articles exported from any state. Fourth. That a statute which, in its enacting clause, provides that certain rates of duty therein specified in tariff schedules and paragraphs shall be paid upon all articles imported from foreign countries, does not apply to goods brought into one of the ports of the United States from a place which has theretofore been by joint resolution of congress annexed as a part of the territory of the United States.

The joint resolution for annexation of the Hawaiian Islands to the United States became a law on July 7, 1898. The preamble thereof having recited that the government of the republic of Hawaii had "signified its consent * * * to cede absolutely and without reserve to the United States of America all rights of sovereignty," provided, inter alia, as follows:

"Resolved, by the senate and house of representatives of the United States of America in congress assembled, that said cession is accepted, ratified, and confirmed, and that the said Hawaiian Islands and their dependencies be, and they are hereby, annexed as a part of the territory of the United States and are subject to the sovereign dominion thereof, and that all and singular the property and rights hereinbefore mentioned are vested in the United States of America.

"The existing laws of the United States relative to public lands shall not apply to such lands in the Hawaiian Islands; but the congress of the United States shall enact special laws for their management and disposition. * * *

"Until legislation shall be enacted extending the United States customs laws and regulations to the Hawaiian Islands the existing customs relations of the Hawaiian Islands with the United States and other countries shall remain unchanged."

Another section of said resolution provides for the government of such islands in such manner as shall be directed by the president of the United States until congress shall make provisions for such government. Various aspects of these constitutional questions have been discussed in Ex parte Ortiz (C. C.) 100 Fed. 955, and in Goetze v. U. S. (C. C.) 103 Fed. 72. These and other cases involving the status of our dependencies and the relation of the United States thereto are now before the supreme court of the United States. The distinctions claimed between the case at bar and the Goetze Case are as follows: (1) This is not a case of territory acquired through treaty with any foreign power. (2) It does not involve any question of military occupation. (3) The Hawaiian Islands are not foreign country, because they have been annexed as a part of the territory of the United States, and subject to its sovereign dominion. This case has been exhaustively argued by counsel on both sides, and said argument and the distinctions suggested have been duly considered. It is true, as contended for by counsel for the importers, that this joint resolution was substituted for a proposed treaty, which was withdrawn, and that the preamble showed that the government of Hawaii ceded "absolutely and without reserve to the United States of America all rights of sovereignty," etc. It is also true that the foregoing distinctions present a case differing in some of its aspects from the Goetze Case. But, in view of the present conflict of authority, and the probability that all these questions will

105 F.—39

be finally answered in the decisions of the supreme court upon similar cases now pending therein, it is clearly the duty of this court to construe the statute as constitutional, and to affirm the decision of the board of general appraisers. "In passing upon the constitutionality of an act of congress, all the presumptions are in favor of the law, and courts will not pronounce it unconstitutional unless its incompatibility is clear, decided, and inevitable." Sarony v. Lithographic Co. (C. C.) 17 Fed. 591; Fletcher v. Peck, 6 Cranch, 87, 3 L. Ed. 162. The decision of the board is therefore affirmed.